ELIZABETH BEARD ET AL. *v.* J. W. HUDNALL.

[Abstract Kentucky Law Reporter, Vol. 4—54.]

**Title by Adverse Possession.**

Where one holds adverse possession of real estate under a con-
veyance to him, uninterruptedly for nearly twenty-five years, and
tracing the title of record back shows connected paper title for
more than sixty years, he has a good title.

APPEAL FROM WARREN CIRCUIT COURT.

June 1, 1882.

OPINION BY JUDGE PRYOR:

The case of Logan v. Bull, 78 Ky. 607, is conclusive of this
case.  There is no attempt made by the appellants to show any
defect of title in the appellee who sold the land to their an-
cestor.  The only objection made is that there is no title deduci-
ble from the commonwealth by reason of the failure of the
appellee to exhibit a patent to Todd, under whom it is alleged
by the appellee in his reply to the answer and cross-petition of
the appellants, in which they are seeking a rescission of the

contract, that the land in controversy was originally patented to Robert Todd under whom he claims. This patent was not filed and the reason for not filing it does not appear in the record. Thos. J. Todd in the year 1818 conveyed this land by a general warranty deed to the remote vendors of the appellee, and the paper title is traced from that date to the 15th of July in the year 1854, when the appellee obtained the conveyance. The appellee was in the actual undisturbed possession under this conveyance from the date of his deed until his sale to the ancestor of the appellants. Their ancestor entered into the possession and his heirs, of whom appellee is one, still hold the land. The possession under the appellee by virtue of his deed made in 1854 has been uninterrupted for nearly twenty-five years, and tracing the title of record back from him shows a connected paper title for the period of more than sixty years with no evidence of any adverse claim or assertion of claim against the appellee or those under whom he claims during that period. There is scarcely a remote possibility of any claim being asserted. The ancestor of the appellants has made two payments on the land, also improvements upon it, and has cut and sold timber from the premises, and these appellees base their right to rescind upon no other ground, or at least none other appears in the record, than the failure of the appellee to exhibit the patent to Robert Todd. In our opinion the judgment below requiring a performance of the contract was proper and is therefore *affirmed*.

*H. T. Clark, for appellants.*

*J. M. Tyler, E. W. Hines, for appellee.*